In our original opinion we stated that the record did not reveal an intent by the trial court to use the "partial mistrial" as a disciplinary measure against the Giddenses for violating the court's opening instructions to the witnesses who were expected to testify. On rehearing the appellee correctly calls our attention to that part of the record which does reveal such an intent.
Under the facts of this case, we have held that the action of the trial court in granting the motion for mistrial as to Eddie Giddens because he improperly mentioned "insurance" in his testimony, was inappropriate if used as a disciplinary measure, for granting a mistrial in this instance, as we noted in our opinion, was the equivalent of holding that the defendant was prejudiced. Since there was only one defendant, that defendant was necessarily prejudiced as to all plaintiffs claiming against it in the same trial.
What the result would have been if the Giddenses' claim had been against one defendant, while the other plaintiffs' claims were against other, separate defendants, we cannot state because those facts are not presented to us on this appeal.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
TORBERT, C.J., and MADDOX and SHORES, JJ., concur.
JONES, J., concurs specially.